IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| KRYSTINA CLOWES, | ) | |
| | ) | |
| Plaintiff, | ) | **2:15-CV-01012-CRE** |
| | ) | |
| vs. | ) | |
| | ) | |
| LIVE NATION ENTERTAINMENT, | ) | |
| INCORPORATED, ROC NATION, LLC, | ) | |
| JOHN DOE COMPANIES 1-15, (EVENT | ) | |
| ORGANIZERS AND CONTRACTORS | ) | |
| HIRED TO MAINTAIN SAFETY AND | ) | |
| SECURITY OF BUSINESS INVITEES; | ) | |
| DAROLD FERGUSONJR., IAN CONNOR, | ) | |
| | ) | |
| Defendants, | ) | |

## REPORT AND RECOMMENDATION

CYNTHIA REED EDDY, United States Magistrate Judge.

### I. RECOMMENDATION

On July 12, 2016, Plaintiff, Krystina Clowes, filed a Motion for Default Judgment [ECF No. 32] against Defendant Ian Connor. A hearing on the matter was held on August 23, 2016. *See* Minute Entry of 8/23/2016.

After careful review of Plaintiff's Complaint, the testimony presented at the default judgment hearing and the evidence of record, for the reasons that follow, it is respectfully recommended that Plaintiff's Motion for Default Judgment [ECF No. 32] against Defendant Ian Connor be granted and the Order set forth below regarding damages be entered against Defendant Connor.

### II. REPORT

#### Procedural History

The Complaint in this matter was filed against, *inter alia*, Defendant Connor on August

3, 2015. Compl. [ECF No. 1]. The Complaint alleged causes of action for civil battery and negligence against Defendant Connor. Plaintiff made various attempts to effectuate service on Defendant Connor, and on April 22, 2016, this Court granted Plaintiff's motion to effectuate service by publication by notice in the Pittsburgh Legal Journal, the New York Daily News, and the Los Angeles Times. [ECF No. 24]. Default was entered against Defendant Connor by the Clerk on July 12, 2016. [ECF No. 371].[1] Plaintiff filed a motion for default judgment against Defendant Connor on August 12, 2014 seeking compensatory and punitive damages. [ECF No. 32].

## Default Judgment Hearing

A hearing on Plaintiff's motion for default judgment was held on August 23, 2016. Plaintiff Clowes was in attendance and presented testimony and evidence in support of her claim for damages. Plaintiff's friend and mother also presented testimony on her behalf, and Plaintiff's treating physician, Derek Thomas, M.D. submitted testimony by video deposition. Defendant Connor was not in attendance at the hearing and no testimony was submitted on his behalf.

In summary, at the hearing, Plaintiff Clowes testified to the following. Plaintiff Clowes was attending a concert at the First Niagara Pavilion in Burgettstown, Pennsylvania on August 3, 2013. (Trial Tr. Pg. 2, 8-9). Defendant Ian Connor was a performer at the concert and during the performance, he ran to the front of the stage and leapt from the stage into the crowd and fell upon Plaintiff, kicking her in the chest, causing her to fall backwards and strike her head and landed on top of her. (Tr. at 2, 12 - 13). After the concert, Plaintiff was seen at the medical station at the concert venue and was taken by ambulance to a Pittsburgh hospital. (Tr. at 2, 15-17).

Plaintiff presented the video deposition of Dr. Derek Thomas, M.D. who stated that

---

[1] Plaintiff has voluntarily dismissed Defendants Mayers, Ferguson and Live National Worldwide, Inc. [ECF Nos. 27, 34 and 36].

Plaintiff was seriously injured by Defendant Connor's conduct. (Thomas Vid. Dep. 4:38 – 4:50). Dr. Thomas further described that Plaintiff experiences a lot of tenderness and pain in the paraspinal musculature in the mid to upper thoracic spine. (Thomas. Vid .Dep. 4:07). Dr. Thomas noted that Plaintiff's pain radiates up and down the spine. (Thomas Vid. Dep. 4:08). Dr. Thomas stated to a reasonable degree of medical certainty that Defendant's kick to Plaintiff's chest was consistent with the injuries that Plaintiff suffered. (Thomas Vid. Dep. 5:10 - 5:35).

Plaintiff testified that she is in constant pain and she often stays in bed all day to avoid the pain and that her enjoyment of life has been severely curtailed. Plaintiff, who became pregnant after the incident, testified that the pregnancy was very painful because of her injury and she was bedridden for the end of her pregnancy. She also testified that because of her chronic back pain that she cannot take care of her daughter on her own and requires assistance to care for her daughter and taking care of her daughter on her own is extremely challenging. She also testified that she is unable to actively interact with her daughter for an extended period of time. (Tr. at 15-27).

By order of the Court, Plaintiff submitted Proposed Findings of Fact and Conclusions of Law, with references to the hearing transcript. [ECF No. 41]. As the Proposed Findings of Fact are uncontroverted and supported by evidence presented at the hearing, the Court adopts Plaintiff's Proposed Findings of Fact, paragraphs 1 through 67. Plaintiff's Proposed Findings of Fact, paragraphs 60 through 70, recite Dr. Thomas's speculation concerning Plaintiff's possible future medical care and medical costs, depending upon Plaintiff's response to therapy, treatments and medications. The Court does not adopt these findings, as Dr. Thomas's opinion as to the cost of future medical treatment is mere speculation.

The Court notes that Plaintiff did not introduce evidence of lost wages or specific

medical expenses or other expenses related to assistance with household duties or child care responsibilities.

Plaintiff is also seeking punitive damages against Defendant Connor. In support of this request, Plaintiff testified that as she was watching the concert, she felt someone fall on her out of nowhere. (Tr. at 18, 22-24). She testified that it felt as if a rock was on her chest. (Tr. at 19, 2-3). Plaintiff stated that she recognized the man who injured her to be Defendant Connor. (Tr. at 19, 17-18). She also stated that after Defendant Connor landed on top of her, he immediately went back on the stage. (Tr. 19, 13-15). Ten minutes later, Defendant Connor repeated the act and jumped into the crowd onto another concertgoer. (Tr. at 20, 1).

## Legal Authority

Compensatory damages may be awarded for intentional torts with or without proof of pecuniary loss. *See generally* Restatement (Second) of Torts §§ 905-906. This includes "compensation for bodily harm and for emotional distress." *Id*. at § 905; *Little v. York Cnty. Earned Income Tax Bureau*, 481 A.2d 1194, 1197-98 (Pa.Super. 1984). Additionally, punitive damages "may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984) (quoting Restatement (Second) of Torts § 908). "As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Empire Trucking Co., Inc. v. Reading Anthracite Coal, Co*., 71 A.3d 923, 937 (Pa.Super. 2013) (citing *SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991)). When imposing punitive damages, the actor's state of mind "is vital. The act . . . must be intentional, reckless or malicious." *Id*. (quoting *Feld*, 485

A.2d at 748). Here, the conduct displayed by Defendant Connor during the concert was certainly intentional and reckless such that punitive damages are appropriate.

Accordingly, based upon the undisputed facts and the testimony presented at the hearing, it is respectfully recommended that the following Order be entered:

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment [ECF No. 32] is GRANTED as follows:

1. Plaintiff Krystina Clowes has proven by a preponderance of the evidence that Defendant Connor is liable to her for civil battery and negligence. Plaintiff Clowes suffered bodily harm, pain and suffering and emotional distress. The Court finds that Plaintiff Clowes is entitled to an amount of $75,000.00 for bodily harm, pain and suffering and emotional distress caused by Defendant Connor's conduct.

2. Plaintiff has proven by a preponderance of the evidence that she is entitled to punitive damages for the extreme and outrageous conduct exhibited by Defendant Connor. Plaintiff Clowes is awarded $75,000.00 in punitive damages.

The Clerk shall hereby enter judgment on behalf of Plaintiff Krystina Clowes in the amount of $150,00.00, with costs taxed to Defendant Connor.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service of a copy of this Order to file objections to this Order. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Cynthia Reed Eddy
CYNTHIA REED EDDY
United States Magistrate Judge

cc: Counsel of record via CM/ECF